IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
ARETHA GOODAKER                  )
                                 )
     Plaintiff,                  )
                                 )
     vs.                         )   CAUSE NO. 3:15-CV-530
                                 )
HEARTSIDE FOOD                   )
SOLUTIONS, LLC,                  )
                                 )
     Defendant.                  )
```

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1), filed by Hearthside Food Solutions, LLC ("Hearthside"), incorrectly denominated as Heartside Food Solutions, LLC, on June 17, 2016. (DE #16.) For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

On October 29, 2015, Plaintiff Aretha Goodaker ("Goodaker") filed a complaint against Hearthside in the LaPorte County Circuit Court, claiming Hearthside violated the Americans with Disabilities Act ("ADA") and the laws and Constitution of the State of Indiana. (DE #4 at ¶ 1.) Goodaker's complaint states that she worked for Hearthside from approximately November 11, 2014,

through April 16, 2015. (*Id*. ¶ 4.) Goodaker alleges that on March 18, 2015, she informed her manager that she had medical limitations requiring accommodations. (*Id*. ¶ 5.) Goodaker further alleges that Hearthside denied her accommodations and retaliated against her because she claimed rights guaranteed by the ADA. (*Id*. ¶ 6.) Moreover, Goodaker asserts that on April 16, 2015, she was fired by Hearthside as a result of her disability and because she claimed rights guaranteed by the ADA. (*Id*. ¶ 7.)

Hearthside filed a notice of removal on November 11, 2015. (DE #1 at ¶ 4.) On June 17, 2016, Hearthside filed the instant motion to dismiss. Hearthside alleges that Goodaker's complaint must be dismissed for lack of subject matter jurisdiction because Goodaker failed to exhaust her administrative remedies under the ADA by not timely filing a verified charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to initiating this lawsuit. The motion is fully briefed and ripe for adjudication.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).

2

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). The party asserting that jurisdiction exists has the burden of establishing that the cause lies within the federal court's limited jurisdiction. *Id.* In reviewing a Rule 12(b)(1) motion to dismiss, the court may look beyond the complaint to review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

To bring suit under the ADA, a plaintiff must first file a timely charge of employment discrimination with the EEOC. 42 U.S.C. 2000e-5(b), (e) and (f); 42 U.S.C. § 12117(a). The ADA adopts the enforcement procedures governing Title VII actions, including the filing procedures and timing requirements. 42 U.S.C. § 12117(a) (incorporating the filing requirements found in 42 U.S.C. § 2000e-5(e) as the filing requirements under the ADA). In a deferral state such as Indiana, a charge is timely if filed "within 300 days 'after the alleged unlawful employment practice occurred.'" *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) (quoting 42 U.S.C. § 2000e-5(e)(1)). If a plaintiff does not file her charge within this window, "his claim is time-barred and he may not recover." *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007).

The statute further requires that "[c]harges shall be in writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). Most Courts consider this verification requirement is mandatory. *Gray v. Morrison Mgmt. Specialists, Inc.*, No. 1:10-CV-460JD, 2012 WL 3960318, at *9 (N.D. Ind. Sep. 7, 2012)("Most courts, when confronted with similar facts, have found it to be a simple affair: the verification requirement is a statutory prerequisite, and failure to meet it means the suit may not proceed."). It "is meant to provide some degree of insurance against catchpenny claims of disgruntled, but not necessarily aggrieved, employees." *Id.* (citing *Edelman v. Lynchburg College*, 535 U.S. 106, 115 (2002)).

According to Hearthside, Goodaker completed an intake questionnaire with the EEOC on April 16, 2015, alleging disability discrimination while employed at Hearthside. On April 28, 2015, the EEOC notified Hearthside that Goodaker filed a charge of discrimination under the Americans with Disabilities Act. *Id*. On May 13, 2015, the EEOC sent Goodaker a letter and attached the draft EEOC Form 5, which included the allegations from her intake questionnaire. The letter from the EEOC also stated the following:

> Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within 30 days of this letter.

(DE # 17-1 at 7). Hearthside alleges that the EEOC's official file contains no such perfected charge, nor did it ever receive

one from Goodaker. *Id*. As a result, the EEOC did no further investigation and notified Goodaker by way of a right to sue letter that it was dismissing her charge on or about July 30, 2015. *Id*.

Goodaker contends that she did in fact file a claim with the EEOC, but concedes that she failed to send a verified charge of discrimination to the EEOC. (DE #24 at 7). Hearthside argues that Goodaker's failure to meet her statutory obligation, by not verifying her EEOC discrimination charge prior to the EEOC issuing its right to sue letter, should result in a dismissal due to a lack of subject matter jurisdiction.

Hearthside filed the instant motion to dismiss for failure to exhaust administrative remedies under Rule 12(b)(1), asserting a lack of subject matter jurisdiction. However, "a failure to exhaust administrative remedies should not be evaluated under Rule 12(b)(1) for lack of subject matter jurisdiction." *Williams v. Potter*, 2008 WL 4449549, at *2 (N.D. Ind. Sep. 25, 2008) (quoting *H.H. ex. Rel Hough v. Ind. Bd. of Special Education Appeals,* 501 F.Supp.2d 1188 (N.D. Ind. 2007)); *see also Gray,* No. 1:10-CV-460JD, 2012 WL 3960318 at * 9 ("[T]he verification requirement is not a *jurisdictional* prerequisite for suit, such that a plaintiff's failure to comply divests the federal court entirely of its ability to hear the case."). Failure to exhaust administrative remedies is an affirmative defense rather than a jurisdictional bar. *See*

*Mosley v. Board of Education of City of Chicago*, 434 F.3d 527, 532 (7th Cir. 2006); *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000).

While Goodaker's alleged failure to exhaust administrative remedies may preclude her suit from proceeding, it is not a jurisdictional prerequisite to her discrimination claim. Accordingly, Hearthside's Motion to Dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction must be denied.

CONCLUSION

For the aforementioned reasons, the Court **DENIES** Hearthside's Motion to Dismiss Goodaker's complaint.

**DATED: JANUARY 27, 2017**         **/s/RUDY LOZANO, Judge**
                                    **United States District Court**